**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CLAUDIA MENDOZA a/k/a CLAUDIA MENDOZA DE ALANIZ )<br><br>Plaintiff, )<br><br>v. )<br><br>FLY & FORM STRUCTURES, INC. )<br><br>Defendant. ) | CIVIL ACTION<br>File No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT: CIVIL RIGHTS**

Plaintiff Claudia Mendoza a/k/a Claudia Mendoza De Alaniz ("Ms. Mendoza" or "Plaintiff") files this Complaint against Defendant Fly & Form Structures, Inc. ("Fly & Form," "the Company" or "Defendant"). She asserts both mixed motive and single motive discrimination, harassment and retaliation claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*. ("Title VII").  She seeks back pay, front pay, lost economic benefits of her employment, non-economic compensatory, general damages and punitive damages and her costs and attorneys' fees.

## INTRODUCTION

1.

Ms. Mendoza is a Hispanic woman, born in Mexico, who was employed by Fly & Form during the relevant time period. During her employment with Fly & Form, Ms. Mendoza's two supervisors, Manual De Leon and Juan Trejo, subjected Ms. Mendoza to on ongoing pattern of discrimination and harassment based on her sex, race and national origin, that was sufficiently severe and persuasive to alter the terms of her employment and created an actionable hostile work environment.

2.

The degrading and humiliating harassment and discrimination Fly and Form's supervisors forced Ms. Mendoza to endure, included but is not limited to, inappropriate and forced touching of her body, including her breasts, legs and buttocks and sexual comments. Both supervisors also pressured Ms. Mendoza for dates and to be in sexual relationships with them. Both supervisors threatened Plaintiff with retaliation including preventing her advancement within the company, less desirable work assignments and threats to have her terminated from employment if she refused or objected to their sexual advances and the harassment and discrimination.

3.

Ms. Mendoza refused the sexual harassment and advances of her supervisors and she reported the discrimination and harassment to both of her supervisors.  Ms. Mendoza objected to the inappropriate and unwelcomed discrimination and harassment and asking for it to stop.  Ms. Mendoza asked to be provided with a work environment free of unlawful sexual harassment and discrimination and to be free of the threats and intimidation from both of her supervisors.

4.

Both Mr. De Leon and Mr. Trejo threatened Ms. Mendoza, telling her that her advancement within the company would be blocked and she would be terminated if she refused to allow the sexual harassment and refused their sexual advances.

5.

Fly & Form failed to take prompt remedial action to stop the discrimination and the harassment in response to Ms. Mendoza sexual harassment complaints. The sexual harassment continued and both supervisors increased the pressure on Ms. Mendoza for dates and to engage in sexual relationships with them and they began threatening Ms. Mendoza's employment with Fly & Form.

6.

Finally, in or around early June 2020, Ms. Mendoza was unlawfully and discriminatorily and retaliatorily terminated for refusing to tolerate the sexual harassment, refusing the sexual advances of her supervisors, because of her race and national origin and in retaliation for engaging in protected activity.

**PARTIES**

7.

At all times relevant to this action Fly & Form employed Ms. Mendoza.

8.

Ms. Mendoza is a US citizen and resident of the State of Georgia and she submits herself to the jurisdiction of this Court.

9.

Fly and Form is subject to the jurisdiction and venue of this Court.

10.

Fly & Form may be served with process by delivering a copy of the Summons and Complaint to their registered agent, James H. Andros, 303 Peachtree Street, NE Atlanta, GA, Suite 3600, 30308, for service of process.

11.

Upon information and belief, Fly & Form is a Domestic for Profit corporation,

with its principal place of business located at 1817 Westgate Parkway, Atlanta, GA 30336.

12.

Plaintiff was an "employee" of Fly & Form within the meaning of §1981 and Title VII.

## ADMINISTRATIVE PROCEDURES

13.

Ms. Mendoza timely filed a charge for discrimination, harassment, and retaliation pursuant to Title VII with the Equal Employment Opportunity Commission ("EEOC").

14.

This civil action has been filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC and Plaintiff has complied with all other conditions precedent to the assertion of her claims under Title VII.

## JURISDICTION AND VENUE

15.

Jurisdiction of this Court is proper pursuant to 42 U.S.C. § 1981, 28 U.S.C. § 1331 (federal question), 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1343 (civil rights).

16.

Venue is proper in this district and division pursuant to 28 U.S.C.

§ 1391(b)(1) and 42 U.S.C. §2000e-5(f)(3), because Fly & Form conducts business

in the State of Georgia and within the Northern District of Georgia.

17.

Venue is also proper in this district and division because a substantial part of

the acts, events and omissions giving rise to this Complaint and about which

Plaintiff complains occurred within the Northern District of Georgia.

## **FACTUAL SUMMARY**

18.

Ms. Mendoza is a Hispanic woman, originally from Mexico, who was

employed by Fly & Form during the relevant time period.

19.

Ms. Mendoza began working for Fly & Form in March 2020.  Ms. Mendoza

was assigned the job of cleaning up the job site and Ms. Mendoza was informed by

her supervisor that Fly & Form hired her and assigned this job to Plaintiff because

the Company preferred to have a woman rather than a man clean the work site.

20.

During her employment with Fly & Form, Ms. Mendoza's two

supervisors, Manual De Leon and Juan Trejo, subjected Ms. Mendoza to on ongoing pattern of harassment based on her sex, national origin and/or race that was sufficiently severe and persuasive to alter the terms of her employment and created an actionable hostile work environment.

21.

During her employment with Fly & Form, Plaintiff's supervisors, Mr. De Leon and Mr. Trejo, subjected Ms. Mendoza to inappropriate touching of her breasts, legs and buttocks, and sexual comments.

22.

In addition, Plaintiff's supervisors Mr. De Leon and Mr. Trejo pressured Ms. Mendoza for dates and to be in a sexual in a sexual relationships with them.

23.

Mr. De Leon's and Mr. Trejo's touching of Ms. Mendoza, the sexual comments and her supervisors' pressure to date them and be in sexual relationships with them was unwanted, offensive and made her feel threatened and uncomfortable.

24.

In addition, Ms. Mendoza's two supervisors told Ms. Mendoza she would advance in the Company her job would continue and she would not be terminated

and receive other benefits if she gave into the pressure to engage in sexual relationships with her supervisors and she was threatened with termination if she refused.

25.

The harassment of Ms. Mendoza committed by her immediate supervisors, Mr. De Leon and Mr. Trejo, constitutes *quid pro quo* sexual harassment and also created an actionable and unlawful hostile work environment.

26.

Defendant Fly & Form is strictly and vicariously liable for Mr. De Leon's and Mr. Trejo's harassment and discrimination of Ms. Mendoza.

27.

Plaintiff engaged in protected activity by reporting complaints of discrimination and harassment to both Mr. De Leon and Mr. Trejo and requesting the harassment and discrimination to stop.  She asked that the inappropriate sexual harassment to stop, for the inappropriate sexual touching and comments to stop, and begged to be left alone and for the Company to provide her with a work environment free of unlawful harassment and discrimination.

28.

Defendant Fly & Form failed to take prompt remedial action in response to Ms. Mendoza reporting the discrimination and harassment to her supervisors. Plaintiff's supervisors responded by telling Plaintiff she was "pretty" and she had "to take it."

29.

Not only did the discrimination and harassment continue after Plaintiff reported to her supervisors that the conduct was unwelcomed and she wanted it to stop, but both male supervisors continued their harassment and discrimination of Ms. Mendoza, including inappropriate sexual touching of Ms. Mendoza's body and the sexually inappropriate comments and behavior continued and Ms. Mendoza's supervisors saw to it that the workplace grew even more hostile and threatening.

30.

Defendant's supervisors increased the pressure on Ms. Mendoza to give in their *quid pro quo* harassment to accept the sexually hostile work environment created by Plaintiff's immediate supervisors by retaliating against Plaintiff combined with threats to retaliate against Ms. Mendoza.

31.

Indeed, Fly & Forms supervisors threatened to block Ms. Mendoza's

advancement within the Company and threatened to have Ms. Mendoza's employment with Fly & Form terminated if she continued to object to their sexual harassment, including unwanted sexual touching, comments and demands to date and be in sexual relationships with her supervisors.

32.

Both Mr. De Leon and Mr. Trejo threatened Ms. Mendoza's job, telling Plaintiff that if she refused their sexual advances and refused to be in sexual relationships with them, she would not advance with the Company, would receive less desirable work assignments and would be terminated from Fly & Form.

33.

Despite the ongoing harassment, discrimination and retaliation and ongoing pressure from her supervisors for sexual favors and to engage in sexual relations, Ms. Mendoza rejected the sexual advances of both of her supervisors which angered Plaintiff's supervisors. Both Mr. De Leon and Mr. Trejo threated Ms. Mendoza with termination for refusing their advances.

34.

Ms. Mendoza held a subjective, good faith belief she was being discriminated against and harassed in violation of Title VII and §1981.

35.

Therefore, Ms. Mendoza engaged in protected activity when she reported the harassment and discrimination to two Fly & Form  supervisors and asked for the discrimination and harassment to stop and to be provided with a workplace free of unlawful discrimination, harassment and retaliation.

36.

Ms. Mendoza was terminated on or around June 2020 in retaliation for engaging in protected activity, for rejecting the sexual advances of her supervisors and because she is a Hispanic woman from Mexico.

37.

Ms. Mendoza was treated less favorably with respect to the terms and conditions of her employment than similarly situated non-Hispanic, American born employees and treated less favorably than male employees with respect to the terms and conditions of employment.

38.

Fly & Form's contention Ms. Mendoza's employment ended because she voluntarily quit is not true and is a pretext for unlawful discrimination, harassment, and retaliation.

## COUNT I
## SEX DISCRIMINATION AND HARASSMENT-TITLE VII

### 39.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

### 40.

During Plaintiff's employment with Defendant, Defendant's supervisors subjected Plaintiff to *quid pro quo* sexual harassment by conditioning Plaintiff's advancement, job assignments and continued employment with the Company upon Plaintiff's willingness to engage in sexual actions with her supervisors, including but not limited to, allowing Defendant's supervisors to touching Plaintiff's breasts, legs and body, to tolerate sexual comments and to give in to the pressure from both of her supervisors to date and engage in sexual relationships with Defendant's supervisors.

### 41.

The harassment to which Plaintiff was subjected was unwelcomed and based on Plaintiff's sex (female) as well as her race and national origin.

42.

Plaintiff's supervisors exercised authority over Plaintiff and had authority over the terms and conditions of Plaintiff's employment.

43.

Both of Plaintiff's supervisors subjected Plaintiff to unwelcomed harassment that was sufficiently severe or pervasive to create an abusive environment that a reasonable person would find abusive and which in fact Ms. Mendoza found to be abusive, undesirable, and offensive.

44.

Plaintiff's work environment was permeated with discriminatory intimidation, ridicule and insult. Thus, Plaintiff was subjected to an unlawful sexually abusive and hostile work environment during her employment with Defendant.

45.

Plaintiff's supervisors subjected Plaintiff to demeaning and threatening terms and conditions of employment and Plaintiff suffered adverse employment actions including threats and intimidation, unwanted sexual touching and comments, demeaning work assignments and being terminated from her employment.

46.

Defendant is responsible for and strictly liable for the quid pro quo sexual harassment and for the actionable sexually hostile work environment created by Plaintiff's two supervisors, which victimized and terrorized Plaintiff.

47.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII as sought in the prayer for relief.

48.

As a direct and proximate cause of Fly & Form's unlawful retaliation, Plaintiff has suffered economic losses, lost back pay, been deprived of job related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

49.

Fly & Form's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

50.

Defendant's actions were undertaken intentionally, willfully and maliciously with respect to, or in a reckless disregard for, Plaintiff's federally protected rights and he is therefore entitled to compensatory and punitive damages.

51.

Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT II
## RETALIATION- TITLE VII

52.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

53.

Plaintiff held a good faith reasonable belief that Defendant was subjecting her to unlawful and discriminatory treatment.

54.

Plaintiff engaged in protected activity by complaining to Fly & Form management about the discriminatory and harassing treatment as result of her subjective good faith belief that she was a victim of unlawful discrimination and

harassment.

55.

Defendant retaliation against Plaintiff by subjecting her to various adverse employment actions, including but not limited to, harassing and intimidating her, giving her less desirable work assignments, blocking her advancement within the company and by terminating Plaintiff's employment.

56.

There is a causal link between Plaintiff's protected activity and the adverse employment actions to which she was subjected.

57.

Defendant's actions in taking adverse employment actions against Plaintiff for engaging in protected activity were committed with retaliatory intent and reckless disregard for Plaintiff's right to be free from discriminatory treatment on account of her opposition to discriminatory practices and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

58.

 Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal

statutes providing remedies for violations of Title VII as sought in the prayer for relief.

59.

As a direct and proximate cause of Fly & Form's unlawful retaliation, Plaintiff has suffered out of pocket losses, lost back pay, been deprived of job related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

60.

Fly & Form's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary losses and indignities, all in an amount to be established at trial.

61.

Defendant's actions were undertaken intentionally, willfully and maliciously with respect to, or in a reckless disregard for, Plaintiff's federally protected rights and she is therefore entitled to compensatory and punitive damages.

62.

Plaintiff is entitled to be reinstated to employment by Defendant and, if

reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

63.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

## **COUNT III**
## **TITLE VII-SEX, RACE AND NATIONAL ORIGIN DISCRIMINATION**

64.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

65.

Plaintiff is Hispanic woman and was born in Mexico and immigrated to the United States.

66.

During her employment Plaintiff was assigned gender stereotyped tasks and demeaning tasks at the job site. Plaintiff was told by her supervisors that she was being assigned these demeaning gender stereotyped tasks because she was a woman and that the Company preferred a woman to handle such tasks rather than the male workers.

67.

Male employees were not expected to perform such menial gender stereotyped job tasks.

68.

Plaintiff is (1) a member of protected classes (sex, race and national origin); (2) qualified for the position she held and for which she applied; (3) suffered an adverse employment action; and (4) suffered disparate treatment compared to individuals outside her protected classes (sex, race and national origin) including being assigned less desirable work assignments and/or being terminated and replaced by an individual outside her protected classes.

69.

Fly & Form's above-pled discriminatory conduct toward Plaintiff in the terms and conditions of her employment, her work assignments and termination of employment based upon her sex, race and national origin is in violation of Title VII.

70.

Fly & Form's treatment and termination of Plaintiff, compared to other similarly situated employees outside her protected group, constitutes unlawful sex, race and national origin discrimination against Plaintiff, in violation of Title VII.

71.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII as sought in the prayer for relief.

72.

As a direct and proximate cause of Fly & Form's unlawful retaliation, Plaintiff has suffered out of pocket losses, lost back pay, been deprived of job related economic benefits, including income in the form of wages and other benefits, all in an amount to be established at trial.

73.

Defendant's actions willfully and wantonly disregarded Plaintiff's rights, failed to take protective and corrective action on Plaintiff's behalf in bad faith or in a reckless disregard for, Plaintiffs federally protected rights and she is therefore entitled to compensatory and punitive damages.

74.

Fly & Form's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, humiliation, mental anguish, loss of

enjoyment of life, and other non-pecuniary losses and indignities, all in an amount to be established at trial.

75.

Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV
## RACE DISCRIMINATION – 42 U.S.C. § 1981

76.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

77.

Plaintiff is a Hispanic woman and was born in Mexico and she immigrated to the United States.

78.

At all times material to this Complaint, Plaintiff and Fly & Form were parties to an employment agreement under which Plaintiff provided services to Defendant and Defendant was required to, among other things, compensate Plaintiff for her services.

79.

Plaintiff performed her employment obligations.

80.

Plaintiff is (1) a member of a protected class (Hispanic); (2) qualified for the position for which she held and for which she applied; (3) suffered an adverse employment action; and (4) suffered disparate treatment compared to individuals outside her protected class and/or was replaced by an individual outside her protected class.

81.

Fly & Form's above-pled discriminatory conduct toward Plaintiff constitutes unlawful race discrimination against Plaintiff, in violation of 42 U.S.C. § 1981.

82.

Fly & Form's disparate treatment and termination of Plaintiff compared to other similarly situated employees outside her protected class, constitutes unlawful race discrimination against Plaintiff, in violation of 42 U.S.C. § 1981.

83.

Fly & Form willfully and wantonly disregarded Plaintiff's rights and discrimination against Plaintiff in bad faith.

84.

As a result of Fly & Form's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, and suffered emotional distress, inconvenience, loss of income, humiliation, and other indignities.

85.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

## COUNT V
## RETALIATION – 42 U.S.C. § 1981

86.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

87.

Plaintiff engaged in protected activity by complaining to Fly & Form management about the discriminatory and harassing treatment as result of her subjective good faith belief that she was a victim of unlawful discrimination and harassment and asking for the discrimination and harassment to stop.

88.

Defendant retaliation against Plaintiff by subjecting her to various adverse employment actions, including but not limited to, harassing and intimidating her, giving her less desirable work assignments, blocking her advancement within the company and by terminating Plaintiff's employment.

89.

There is a causal link between Plaintiff's protected activity and the adverse employment actions to which she was subjected.

90.

Defendant's actions, including the adverse and retaliatory employment actions taken against Plaintiff, were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment on account of her opposition to discriminatory practices and in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

91.

Fly & Form's action against Plaintiff has caused her to suffer lost wages and benefits and emotional pain and suffering.

92.

Accordingly, Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other

appropriate damages, remedies, and other relief available under 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**COUNT VI**
**PUNITIVE DAMAGES**

93.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

94.

The foregoing actions of the Defendant were intentional and humiliating and evidence bad faith and a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Ms. Mendoza is entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages to punish Defendant and to deter others from engaging in such wrongful conduct.

**COUNT VII**
**ATTORNEY'S FEES AND EXPENSES UNDER O.C.G.A. § 13-6-11**

95.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

96.

Defendant acted in bad faith, been stubbornly litigious, and/or caused Ms.

Mendoza unnecessary trouble and expense in litigating the case, and Ms. Mendoza is thus entitled to the recovery of the expenses of this civil action, including attorney's fees, under Georgia law, including but not limited to pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY as to all issues and the following relief:

(a)   A declaratory judgment that Defendant engaged in unlawful employment practices in violation of Title VII and §1981;

(b)   An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and § 1981;

(c)   An award of full back pay and benefits from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)   Reinstatement to Plaintiff's former position with Fly & Form or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)   Compensatory and general damages, in an amount to be determined by

the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and for other indignities and special damages;

(f)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(g)     An award of punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant and others from engaging similar conduct in the future;

(h)     Reasonable attorneys' fees, costs and expenses of litigation;

(i)     An award of pre-judgment and post judgment interest;

(j)     Judgment against Defendant for all general and special damages incurred by Plaintiff;

(k)     Judgment against Defendant in such an amount as will fully and adequately compensate Plaintiff; and

(l)      Such other and further relief as the Court deems just and proper.

Respectfully submitted on August 12, 2022.

WYATT AUFDERMER LLC

By:    */s/ Daniel Wyatt*_____
             Georgia Bar No. 778915

The Circa 730 Building, Suite 600
730 Peachtree Street, NE
Atlanta, GA  30308
Telephone:  678-753-7559
Email: wyatt@wa.legal